# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SSI GROUP HOLDING CORP., et al.,[1] | ) | Case No. 11-12917 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |

## MOTION OF THE DEBTORS FOR AN ORDER PURSUANT TO SECTIONS 105(a) AND 365(a) OF THE BANKRUPTCY CODE AUTHORIZING DEBTORS TO REJECT CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES AS OF THE PETITION DATE

The above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned counsel, pursuant to sections 105(a) and 365 of title 11 of the United States Code (11 U.S.C. §§ 101-1532, the "Bankruptcy Code"), hereby move this Court for entry of an order in the form attached hereto as **Exhibit A** (the "Order") authorizing the Debtors to reject the unexpired nonresidential real property leases (the "Leases") by and between the Debtors and the landlords (the "Landlords") for the premises located on **Schedule 1** to the Order (the "Vacated Premises") and any related subleases, as of the chapter 11 petition date (the "Motion"). All of the locations listed on Schedule 1 were vacated (and possession irrevocably surrendered to the Landlords) at least one (1) month prior to the commencement of these cases. In further support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: SSI Group Holding Corp. (0158), Souper Salad, Inc. (0941), SSI-Grandy's LLC (4554) and Souper Brands, Inc. (5468). The Debtors' corporate headquarters and the mailing address for each of the Debtors is 4004 Belt Line Rd., Suite 160, Addison, TX 75001.

2.  The statutory predicate for the relief requested herein are §§ 105(a) and 365(a) of the Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3.  On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief with the Court under chapter 11 of title 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases (the "Chapter 11 Cases") and, as of the date of the filing of this Motion, no official committees have been appointed or designated.

4.  The factual background relating to the Debtors' commencement of these Chapter 11 cases is set forth in detail in the *Declaration of Dan Patel in Support of First Day Pleadings* (the "Patel Declaration") filed on the Petition Date and incorporated herein by reference.

## RELIEF REQUESTED

5.  By this Motion, the Debtors seek authority under §§ 105(a) and 365(a) of the Bankruptcy Code to reject the Leases effective as of the Petition Date. Further, the Debtors request that any personal property of the Debtors including, without limitation, furniture, fixtures and equipment remaining in each of the premises subject to the Leases after the date of the rejection (the "Rejection Date") shall be deemed abandoned to the Landlords, which shall be entitled to remove or dispose of such property in its sole discretion.

6.  Prior to the Petition Date, the Debtors were parties to numerous leases of nonresidential real property where the Debtors maintained restaurant operation. Approximately 30 of these locations were negative cash flow units. Accordingly, prior to the Petition Date, the Debtors, in the exercise of their business judgment, terminated operations at the Vacated

Premises and surrendered possession to the respective Landlords. Accordingly, the Vacated Premises will no longer serve any benefit to the Debtors as of the Rejection Date for the Leases. Nonetheless, the Leases may continue to obligate the Debtors to pay for real estate taxes, insurance, utilities, property damage charges and other additional obligations for which the Debtor will no longer receive any benefit.

7. In order to reduce post-petition administrative costs and in the exercise of the Debtors' sound business judgment, the Debtors have determined that rejecting the Leases for the Vacated Premises as of the Petition Date is in the best interests of the Debtors' estates, creditors, and other parties in interest.

8. By rejecting the Leases as of the Petition Date, the Debtors avoid the potential for Landlords at the Vacated Premises to assert unnecessary administrative expense claims for rent and additional charges for premises that will play no part in the Debtors' future operations. Therefore, the Debtors believe that the rejection of the Leases is in the best interest of their estates, creditors and other parties in interest.

## APPLICABLE LEGAL AUTHORITY FOR RELIEF REQUESTED

9. The Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The Third Circuit noted, "Section 365 enables the trustee to maximize the value of the debtor's estate by assuming executory contracts and unexpired leases that benefit the estate and rejecting those that do not." *In re Rickel Home Ctrs.*, 209 F.3d 291, 298 (3d Cir. 2000). "The purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to and abandon burdensome property." *Orion Pictures Corp, v. Showtime Networks, Inc. (In*

3

*re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993) (quoting 2 COLLIER ON BANKRUPTCY 365.01[1] (15th ed. 1993)).

10. Courts defer to a debtor's business judgment in rejecting an executory contract or unexpired lease, and upon finding that a debtor has exercised its sound business judgment, approve such rejection under § 365(a) of the Bankruptcy Code. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (recognizing the "business judgment" standard used to authorize rejection of executory contracts); *Nostas Assocs., v. Costich (In re Klein Sleep Prods., Inc.)*, 78 F.3d 18, 25 (2d Cir. 1996) (same); *see also Computer Sales Int'l, Inc. v. Federal Mogul (In re Federal Mogul Global, Inc.)*, 293 B.R. 124, 126 (D. Del. 2003) (same); *In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003) (same). The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of bad faith, whim or caprice. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see also Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (noting that absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). Under § 365(a) of the Bankruptcy Code, the standard for rejection of executory contracts and unexpired leases is whether such exercise by a debtor is conducted with reasonable business judgment and that such rejection would provide a benefit to the estate. *Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc.*, 141 F.3d 490, 492 (3d Cir. 1998); *Delightful Music LTD v. Taylor (In re Taylor)*, 913 F.2d 102, 107 (3d Cir. 1990). Thus, a court must examine the debtor's decision to assume or reject under the "business judgment" test to determine if assumption or rejection would be beneficial to the estate. *In re Gateway Apparel, Inc.*, 210 B.R. 567, 570 (Bankr. E.D. Mo. 1997).

11. Maximization of the value of the Debtors' estates depends in large measure on their ability to relieve themselves from unnecessary and burdensome contracts and to keep their post-petition costs of administration to a minimum. For these reasons, the Debtors have determined, in the exercise of sound business judgment, that rejecting the Leases as of the Petition Date is in the best interests of the Debtors' creditors and estates. The Debtors' estates receive no benefit from the Leases, thus, it would be in the best interests of the Debtors' estates to avoid incurring additional potential administrative or other claims relating to the Leases. Rejection of the Leases, and the attendant reduction in the estates' administrative costs, thus reflects the Debtors' exercise of sound business judgment.

12. Pursuant to § 365(g)(1) of the Bankruptcy Code, the rejection of an executory contract or unexpired lease by the Debtors constitutes a breach if such contract or lease has not been assumed immediately before the Petition Date. Therefore, any claim by the Landlords to the Leases arising from the rejection of the Leases shall be deemed to constitute a pre-petition claim against the Debtors.

**EFFECTIVE DATE OF THE REJECTION**

13. It is well-established that a bankruptcy court has the authority to deem the rejection of an unexpired lease or executory contract retroactive to a date prior to the date of entry of an order approving the rejection. *See EOP-Colonnade of Dallas Ltd. P'ship (In re Stonebridge Techs., Inc.)*, 430 F.3d 260, 273 (5th Cir. 2005); *Pac. Stores Dev. V. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1070 (9th Cir. 2004); *Thinking Machines Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995); *Constant Ltd. P'ship v. Jamesway Corp. (In re Jamesway Corp.)*, 179 B.R. 33, 37-38 (Bankr. S.D.N.Y. 1995). Courts have authorized rejections of executory contracts and unexpired leases, including retroactive rejections, based on the equities of the circumstances. *See In re Fleming Cos.*, 304

B.R. 85, 96 (Bankr. D. Del. 2003) (stating that rejection has been allowed *nunc pro tunc* to the date of the motion or the date the premises were surrendered); *see also In re Thinking Machines Corp.*, 67 F.3d at 1028 (finding that "[i]n the section 365 context, this means that bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of the equities preponderates in favor of such remediation").

14. Courts that have permitted retroactive rejection generally have permitted rejection of an executory contract or unexpired lease to be effective as of the date on which the non-debtor party to the executory contract or unexpired lease was given definitive notice of the debtor's intent to reject. *See, e.g., In re KB Toys, Inc.*, Case No. 08-13269 (Bankr. D. Del. Jan. 29, 2009) (KJC) [D.I. 338] (authorizing rejection of non-residential real property leases effective *nunc pro tunc* to date of the motion); *In re Goody's Family Clothing, Inc.*, Case No. 08-11133 (Bankr. D. Del. July 24, 2008) (CSS) [D.I. 428] (same), *In re FLYi, Inc.*, Case No. 05-20011 (Bankr. D. Del. Jan. 11, 2006) (MFW) [D.I. 509] (authorizing rejection of aircraft leases effective to the chapter 11 petition date); *In re Loewen Group Int'l, Inc.*, Case No. 99-1244 (Bankr. D. Del.) (PJW); *In re Imperial Home Décor Group, Inc.*, Case No. 00-19 (Bankr. D. Del.) (MFW). In considering whether to approve retroactive rejection, courts also examine the costs that a delayed rejection date would otherwise impose on a debtor. *See In re Jamesway Corp.*, 179 B.R. 33-39 (S.D.N.Y. 1995). A debtor's timely surrender of leased premises weighs in favor of retroactive rejection because it enables a landlord to seek a new tenant in an expeditious manner. *See, e.g., Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 608-09 (2d Cir. 2007) ("The Bankruptcy Court also properly considered that [the debtor] had vacated the premises and thereby provided [the landlord] with the opportunity to lease the premises to another tenant.").

15. The facts of these chapter 11 cases favor approval of retroactive rejection of the Leases for the Vacated Premises. As noted above, these premises were vacated and possession surrendered to the respective Landlords at least one month prior to the Petition Date. Thus, the Landlords have possession of the Vacated Premises and been given more than ample opportunity to mitigate damages by beginning a search for new tenants. Also, with possession of the Vacated Premises having been irrevocably surrendered to the Landlords, there can be no serious contention that the Landlords have any uncertainty regarding the Debtors' intentions with respect to the Leases. Moreover, the Landlords will not be unduly prejudiced (if at all) if the rejection is deemed effective as of the Petition Date because they will receive notice of this Motion and have sufficient opportunity to act accordingly. In contrast, any postponement of the effective date of rejection may potentially cause the Debtors to incur unnecessary potential administrative expenses for Leases that provide no benefit to these estates. Such an outcome would be inequitable and prejudicial to the Debtors and their estates.

## NOTICE

16. Notice of this Motion has been given to: (a) the Office of the United States Trustee (the "U.S. Trustee"); (b) the creditors on each of the Debtors' lists of twenty (20) largest unsecured creditors; (c) the Debtors' DIP lenders and their pre-petition secured lenders; (d) counsel to the Debtors' DIP lenders and their pre-petition secured lenders; (e) counsel to the Debtors' pre-petition subordinated secured lenders; (f) all financial institutions at which the Debtors maintain deposit accounts; (g) the Landlords; and (h) all other parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## NO PREVIOUS REQUEST

17.     No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request entry of an order approving the relief requested herein and such other and further relief as is just and proper.

Dated: September 14, 2011

COZEN O'CONNOR

_____
Mark E. Felger (No. 3919)
Damien Nicholas Tancredi (No. 5395)
1201 N. Market St., Ste. 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013

- and -

PROSKAUER ROSE LLP
Scott K. Rutsky, Esq.
Adam T. Berkowitz, Esq.
Richard J. Corbi, Esq.
Eleven Times Square
New York, NY 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

*Proposed Counsel for Debtors
and Debtors-in-Possession*