## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) |
| | ) Chapter 11 |
| SSI Group Holding Corp., *et al.*,[1] | ) Case No. 11-12917 (MFW) |
| Debtors. | ) (Jointly Administered) |
| | ) Hearing Date: October 6, 2011 at 12:00 pm |
| | ) Objection Deadline: September 29, 2011 at 4:00 pm |

## APPLICATION OF THE DEBTORS PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURES 2014(a) FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PROSKAUER ROSE LLP AS BANKRUPTCY AND REORGANIZATION COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE

SSI Group Holding Corp., Souper Salad, Inc., SSI-Grandy's LLC and Souper Brands, Inc., the above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") respectfully submit this application (the "Application"), pursuant to Section 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§101 *et seq.* (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to retain and employ Proskauer Rose LLP ("Proskauer"), as their bankruptcy and reorganization counsel in connection with these chapter 11 cases, *nunc pro tunc* to the Petition

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: SSI Group Holding Corp. (0158), Souper Salad, Inc. (0941), SSI-Grandy's LLC (4554) and Souper Brands, Inc. (5468). The Debtors' corporate headquarters and the mailing address for each of the Debtors is 4004 Belt Line Rd., Suite 160, Addison, TX 75001.

Date (defined below). In support of this Application, the Debtors respectfully represent as follows:

## Jurisdiction and Venue

1.  The Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This Application is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue of these chapter 11 cases in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in this Application are sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

## Background

2.  On September 14, 2011 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are operating their businesses and managing their properties as debtors-in-possession. No trustee or examiner has been appointed, and an official committee of unsecured creditors has not yet been formed.

3.  A description of the Debtors' corporate structure and businesses and the event leading to the filing of these cases are set forth in the first day *Declaration of Dan Patel in Support of First Day Pleadings* (the "Patel Declaration"), which was filed on the Petition Date and is incorporated herein by reference.

## Relief Requested

4.  By this Application, the Debtors seek authority, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), to retain and employ Proskauer as

bankruptcy and reorganization counsel in these chapter 11 cases, under a general retainer, on the terms and conditions set forth herein.

## The Retention of Proskauer

### A. Proskauer's Qualifications

5. The Debtors selected Proskauer because its attorneys have extensive experience, knowledge and resources in the areas of debtors' and creditors' rights, and corporate restructurings under the Bankruptcy Code. Proskauer is well suited to represent the Debtors in these cases. Proskauer has handled large and complex chapter 11 cases throughout the United States, including serving as lead counsel to the debtors in the following cases: Gas City, Ltd., Wolverine Tube, Inc., Whitehall Jewelers, Inc., Sumner Regional Health Systems, Inc., Alternative Distribution Systems, Inc., USI Senior Holdings, Inc., Philadelphia Newspapers, LLC, G.I. Joe's, Inc., Caritas Health Care, Inc., Frank's Nursery & Crafts, Inc., Lechters N.Y.C., Inc., The Museum Company, Inc., Rose's Stores, Inc., Metalforming Technologies, Inc., Happy Kids, Inc., Superior Telecom, Inc., Advanced Glassfiber Yarns, LLC, Provell, Inc., Tandycrafts, Inc., MMH Holdings, Inc., Trism, Inc., Golden Books Family Entertainment, Inc., Reeves Industries, Inc., Lone Star Industries, Inc., LJ Hooker Corporation, Inc., Todd Shipyards Corporation, Al Copeland Enterprises, Inc. (Popeye's and Church's Fried Chicken), Vestron, Inc., Berkey, Inc., Ithaca Industries, Inc., Buster Brown Apparel, Inc., the chapter 11 trustee of Allegheny Health, Education and Research Foundation and numerous other corporations and clients for which Proskauer has provided services similar to those described herein.

6. Proskauer has vast experience with the bankruptcy courts in various jurisdictions, including in the District of Delaware. Proskauer has the ability to commit substantial resources

to legal problems on an urgent basis. The Debtors, therefore, believe that Proskauer is well qualified to represent them in these cases.

7. As a result of Proskauer's pre-petition representation of the Debtors in connection with the preparation of these cases, Proskauer's attorneys have become familiar with the complex factual and legal issues that will have to be addressed in these cases. Thus, the retention of Proskauer will assist in the efficient administration of the estates.

8. The primary attorneys anticipated to work on this engagement are Scott K. Rutsky, Adam Berkowitz, and Richard J. Corbi. Mr. Rutsky is a partner, and Messrs. Berkowitz, and Corbi are associates, at Proskauer. The Debtors are advised that Messrs. Rutsky, Berkowitz, and Corbi are members in good standing of the bar of the State of New York. In addition to these lawyers, it may become necessary, during the course of these cases, for other Proskauer professionals to provide services to the Debtors as needed consistent with providing competent, efficient and economic services to the Debtors.

9. Contemporaneously herewith, the Debtors have filed an application seeking to retain Cozen O'Connor, P.C. ("Cozen") as their local Delaware counsel in these cases. Proskauer does not maintain an office in the State of Delaware and, therefore, the Debtors are required to retain local counsel. The Debtors have been advised that the services of Cozen will complement, and not duplicate, the services rendered by Proskauer. Indeed, the Debtors are extremely mindful of the need to avoid duplication of services and will implement appropriate procedures to ensure that there is minimal, if any, duplication.

B. **Services to Be Provided**

10. The Debtors require Proskauer to act as their bankruptcy and reorganization counsel and to render legal services relating to the day-to-day administration of these cases including, without limitation, the following services:

   a. advising the Debtors of their rights, powers and duties as debtors-in-possession;

   b. advising the Debtors regarding matters of bankruptcy law;

   c. representing the Debtors in proceedings and hearings in the Bankruptcy Court;

   d. preparing on behalf of the Debtors any necessary motions, applications, orders and other legal papers;

   e. providing assistance, advice and representation concerning proposed dispositions of assets and with respect to any plan(s) of reorganization proposed in these cases;

   f. providing assistance, advice and representation concerning any investigation of the assets, liabilities and financial condition of the Debtors that may be required under local, state or federal law;

   g. prosecuting and defending litigation matters and such other matters that might arise during these chapter 11 cases;

   h. providing counseling and representation with respect to assumption or rejection of executory contracts and leases, claim objections and reconciliations and other bankruptcy-related matters arising in these cases;

   i. rendering advice with respect to general corporate and litigation issues relating to these cases, including, but not limited to, securities, corporate finance, labor, tax and commercial matters; and

   j. performing such other legal services as may be necessary and appropriate for the efficient and economical administration of these Chapter 11 Cases.

C. **Proposed Compensation**

11. The Debtors respectfully request that all fees and expenses incurred by them on account of services rendered by Proskauer paid as administrative expenses of the estates pursuant to sections 328, 330(a), 331, 503(b) and 507(a)(1) of the Bankruptcy Code. Subject to this Court's approval, the Debtors have been advised that Proskauer will charge for services provided on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, subject to Sections 328(a) and 330 of the Bankruptcy Code. The current hourly rates (subject to periodic adjustment in the normal course of business) charged by Proskauer for professionals and paraprofessionals are:[2]

| | |
|---|---|
| Partner | $500–$995 |
| Senior Counsel | $400–$810 |
| Associate | $195–$700 |
| Paraprofessionals | $125–$295 |

12. The Debtors believe that Proskauer's rates are reasonable based upon its capabilities and are advised that such rates are within a range of rates typically approved in this judicial district for comparable, complex chapter 11 cases. In addition to the billing rates set forth above, the Debtors are advised that Proskauer customarily charges its clients for costs and expenses incurred in connection with its representation. These costs and expenses include, among other things, photocopying, travel expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges, transcription charges, expenses for "working meals," and telecopy charges.

---

[2] Consistent with the terms of Proskauer's pre-petition retention, Proskauer has agreed to continue to discount its normal hourly rates by 5%.

13. The Debtors understand that Proskauer intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date, all in accordance with applicable provisions of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, the guidelines established by the United States Trustee and such other procedures as may be fixed by order of the Court

**D.     Proskauer's Disinterestedness**

14. Attached hereto as <u>Exhibit B</u> is the Declaration of Scott K. Rutsky, a member of Proskauer (the "<u>Rutsky Declaration</u>") setting forth Proskauer's disclosures in accordance with Section 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016. Based on the representations contained in the Rutsky Declaration, to the best of the Debtors' knowledge, the Debtors believe that the partners, counsel and associates Proskauer do not have any connection with, or any interest adverse to, the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants, except as set forth in the Rutsky Declaration. Further, based on the Rutsky Declaration, the Debtors submit that Proskauer is a "disinterested person," as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code. Proskauer has informed the Debtors that it will conduct an ongoing review of its files and will promptly supplement its disclosure in the event circumstances change from those presented in the Rutsky Declaration.

## Basis for Relief

15. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor's] duties under [the Bankruptcy Code].

11 U.S.C. § 327(a).

16. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

17. Based on the facts set forth herein, the Debtors submit that the retention of Proskauer satisfies the requirements of the Bankruptcy Code and Bankruptcy Rules. The Debtors believe that the employment of Proskauer would be in the best interests of the Debtors, their creditors and their estates. Were the Debtors required to engage counsel other than Proskauer in connection with these cases, the Debtors, their creditors and estates would be unduly prejudiced by the time and expense necessarily attendant to new counsel's familiarization with the intricacies of the Debtors' businesses and financial affairs.

18. In addition, pursuant to Section 328(a) of the Bankruptcy Code, the Debtors may retain Proskauer on any reasonable terms and conditions. The Debtors submit that reasonable terms and conditions are those charged by Proskauer to the Debtors and other clients on a daily basis in a competitive market. Therefore, the Debtors desire to employ and retain Proskauer, *nunc pro tunc* to the Petition Date, on the terms and conditions set forth herein.

### Notice

19. Notice of this Application has been given to: (a) the Office of the United States Trustee; (b) the Internal Revenue Service; (c) the Debtors' twenty (20) largest unsecured creditors list; (d) counsel to the Prepetition Agent and the DIP Agent; (e) the Agent for the Subordinated Lenders; and (f) all other parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

20. No prior application for the relief sought in this Application has been made to this or any other court in connection with these chapter 11 cases.

**WHEREFORE,** the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as Exhibit A, authorizing the Debtors to retain and employ Proskauer as their bankruptcy and reorganization counsel in these cases, *nunc pro tunc* to the Petition Date, and granting to the Debtors such other and further relief as is just and proper.

Dated: September 19, 2011

SSI Group Holding Corp., *et al.*

By: _____
Dan Patel
Vice President of Finance