IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SSI GROUP HOLDINGS CORP., | ) | Case No. 11-12917 (MFW) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | Under Case No. 11-12917 (MFW) |

**DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SSI GROUP HOLDING CORP., et al.,[1] | ) | Case No. 11-12917 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## GLOBAL NOTES, METHODOLOGY AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

SSI Group Holding Corp. and its affiliated debtors, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") with the Untied States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), pursuant to section 531 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

Mr. Dan Patel has signed each of the Schedules and Statements. Mr. Patel is the Vice President of Finance and authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Patel has relied upon the efforts, statements and representations of various personnel or outside accounting consultants employed by the Debtors. Mr. Patel has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statement and representations concerning amounts owed to creditors.

These Global Notes, Methodology and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") pertain to, are incorporated by reference in and comprise an integral part of all of the Debtors' Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: SSI Group Holding Corp. (0158), Souper Salad, Inc. (0941), SSI-Grandy's LLC (4554) and Souper Brands, Inc. (5468). The Debtors' corporate headquarters and the mailing address for each of the Debtors is 4004 Belt Line Rd., Suite 160, Addison, TX 75001.

## Global Notes and Overview of Methodology

**Reservation of Rights.** Nothing contained in the Schedules and Statements shall constitute a waiver of the Debtors' rights or an admission with respect to their chapter 11 cases, including any issues involving substantive consolidation, equitable subordination, defenses and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws.

**Description of Cases and "as of" Information Date.** On September 14, 2011 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On September 15, 2011, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of the Debtors' chapter 11 cases. An Official Committee of Unsecured Creditors was appointed by the Bankruptcy Court on September 26, 2011 (the "Committee") [Docket No. 88].

The Debtors have presented the income/loss and asset values as they appeared as of September 13, 2011. Procedures were, and are, in place to clearly delineate pre-petition and post-petition liabilities. Consequently, the liabilities, as presented, are reflective of the pre-petition liabilities as of the Petition Date.

**Basis of Presentation.** The Schedules and statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report accurately the assets and liabilities of each Debtor on an unconsolidated basis.

**Accuracy.** While every effort has been made to file complete and accurate Schedules and Statements, inadvertent errors and/or omissions may exist. The Debtors reserve all rights to amend their Schedules and Statements as necessary and appropriate.

**Current Market Value.** Unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of September 13, 2011, rather than current market values, of the Debtors' interests in property. Additionally, because the book values of assets such as trademarks may materially differ from their fair market values, they are listed as undetermined amounts as of the Petition Date.

**Claims Designations.** Any failure to designate a claim on the Debtors' Schedules and Statements as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated." The Debtors reserve the right to dispute any claim reflected on the Schedules or Statements on any grounds, including, but not limited to, amount, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent" or "unliquidated." In addition, the Debtors

reserve the right to amend any scheduled claim to reflect invoices that have not been received or booked for goods or services provided before the Petition Date.

**Claim Amounts**. Certain of the Schedules and Statements list creditors and set forth the Debtors' estimates of the claims of creditors as of the Petition Date. The Bankruptcy Court has authorized the Debtors to, among other things, honor certain pre-petition customer obligations; pay certain pre-petition governmental obligations and taxes; and pay certain pre-petition employee wage and benefit obligations. As a result, the actual unpaid claims of creditors that ultimately may be allowed in these cases may differ from the amounts set forth in the Schedules and Statements.

**Insiders**. For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) shareholders holding in excess of 20% of the voting shares; (d) relatives of directors, officers or shareholders of the Debtors (to the extent known by the Debtors); (e) debtor/non-debtor affiliates; and (f) an affiliate, or an insider of an affiliate as if such affiliate were the debtor. Persons listed as "insiders" have been included for informational purposes only.

The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he, she or it is not an "insider" under applicable law, including the federal securities laws or with respect to any theories of liability or for any other purpose.

**Intercompany Claims**. Receivables and payables among the Debtors in these chapter 11 cases and their affiliates (each an "Intercompany Receivable" or "Intercompany Payable" and, collectively, the "Intercompany Claims") are not reflected in the Schedules.

**Executory Contracts and Unexpired Leases**. Although the Debtors made diligent attempts to attribute an executory contract or unexpired lease to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts and unexpired leases. Further, as noted elsewhere in these Global Notes, the fact that a contract or lease is listed on the Schedules does not constitute an admission, or a waiver of the Debtors' rights to challenge, the characterization of any such agreement as an executory contract or unexpired lease.

**Causes of Action**. Despite their reasonable efforts to identify all known assets, the Debtors may not have set forth all of the causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtors reserve all rights with respect to any claims, causes of action or avoidance actions they may have, and these Global Notes shall not be deemed to waive any such claims, causes of action or avoidance actions or in any way prejudice or impair the assertion of such claims.

**Global Notes Control**. In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

**Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars ("USD").

### Specific Disclosures with Respect to the Debtors' Schedules

**Schedule B1 and B2**. The Debtors have listed bank balances as of September 13, 2011 for amounts related to checking, savings and other financial accounts without adjusting for any amounts held for others. Details with respect to the Debtors' cash management systems and bank accounts are provided in the Debtors' Motion for an Order (I) Approving Use of Existing Cash Management System, (II) Authorizing Use of Prepetition Bank Accounts and Business Forms, and (III) Waiving the Requirements of 11 U.S.C. § 345(b) [Docket No. 6].

**Schedule B3**. The Bankruptcy Court has authorized the Debtors to provide adequate assurance of payment for future utility services [Docket Nos. 35 and 131]. Such deposits are not listed on Schedule B, which is prepared as of the Petition Date.

**Schedules B13**. Ownership interests in subsidiaries, partnerships and joint ventures have been listed in Schedules B13 as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors, and may differ significantly from their net book value.

**Schedules B22**. The Debtors have listed various trademarks they own as an undetermined value on account of the fact that the fair market value of such trademarks is dependent on multiple variables.

**Schedules B29**. Although the Debtors have made every effort to ensure the accuracy of Schedule B29, inadvertent errors, omissions or inclusions may have occurred. Additionally, there may be certain assets for which their value is included in a fixed asset group or certain assets with a net book value of zero that are not set forth on Schedule B29.

**Schedule D**. Except as otherwise agreed pursuant to a Court approved stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve the right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of the Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, specifically reserved and not waived (unless otherwise provided in an order entered by the Bankruptcy Court) are all rights to dispute or challenge the secured nature of any such creditor's claims or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercreditor agreement) related to such creditor's claim. On October 6, 2011, the Bankruptcy Court entered its Order approving, on a final basis, debtor-in-possession financing arrangements and granting adequate protection and related relief (the "Final DIP Order") [Docket No. 132]. Pursuant to the Final DIP Order, certain settlements among the Debtors, the Committee and the Debtors' pre- and post-petition senior secured and subordinated secured lenders were approved and implemented, including

stipulations confirming the validity of such secured indebtedness and the waiver of certain claims against such secured lenders. Because the Schedules are prepared as of the Petition Date, the information contained on Schedule D may not reflect the terms contained in the Final DIP Order. Additionally, the descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any lines. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated herein, real or personal property lessors, utility companies and other parties which may hold security deposits or insurance companies that are the beneficiaries of letters of credit have not been listed on Schedule D.

**Schedule E**. The Bankruptcy Court has authorized the Debtors, in their discretion, to pay certain claims that may be entitled to priority under the applicable provisions of the Bankruptcy Code. For example, by order dated September 15, 2011 [Docket No. 31], the Bankruptcy Court authorized the Debtors to pay or honor certain pre-petition obligations for employee wages, salaries and other compensation, reimbursable employee expenses and employee medical and similar benefits. Additionally, by order dated September 15, 2011 [Docket No. 40], the Bankruptcy Court authorized the Debtors to pay pre-petition obligations for sales, use, trust fund and other taxes and related obligations. To the extent such claims have been paid, they are not included on Schedule E.

The claims listed on Schedule E arose or were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule E, however, appear to have arisen or to have been incurred before the Petition Date.

**Schedule F**. The Debtors have used best efforts to report all general unsecured claims against the Debtors on Schedule F based upon the Debtors' existing books and records. The claims of individual creditors for, among other things, products, goods or services are listed as either the lower of the amount invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain non-priority unsecured claims on a post-petition basis. For example, by order dated September 15, 2011 [Docket No. 35], the Bankruptcy Court authorized the Debtors to honor certain pre-petition obligations to customers. The amount for which the claim is listed does not take into account any post-petition payments made to such creditor as authorized by the Bankruptcy Court.

**Schedule G**. Although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or over inclusion may have occurred. The Debtors specifically reserve and do not waive any and all rights to dispute the validity, status or enforceability of any contract or other agreement set forth in Schedule G that may have expired or may have been modified, amended and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and/or other documents, instruments and/or agreements which may not be listed therein. The presence of a contract or agreement on Schedule G does

not constitute an admission by the Debtors that such contract or agreement is an executory contract or unexpired lease. The Debtors also specifically reserve all rights to argue that any agreement listed in Schedule G may be treated as a secured financing agreement rather than an executory contract or unexpired lease, and to dispute or challenge the characterization or the structure of any transaction, document or instrument. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by such omission.

**Schedule H**. For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the pre-petition secured credit facilities are listed as Co-Debtors on Schedule H. Additionally, Schedule H may not reflect the resolutions agreed to among the Debtors, the Committee and their pre- and post-petition secured lenders as contained in the Final DIP Order. The Debtors may not have identified certain guaranties associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve their rights to amend the Schedules to the extent that additional guaranties are identified or such guaranties are discovered to have expired or be unenforceable.

### Specific Disclosures with Respect to the Debtors' Statements

**Statement 9**. Although all of the Debtors retained the entities and individuals who provided consultation concerning debt restructuring under the Bankruptcy Code or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date, all of the payments, or property transferred by or on behalf of a Debtor for such services, were made by Souper Salad, Inc.

**Statement 23**. Certain of the members of a respective Debtor's board of directors serve on the boards of multiple Debtor entities. In exchange for their service, these directors may have received a consolidated fee and/or expense reimbursement as opposed to individual payments from each Debtor. Considering that any such payments were remitted solely by Souper Salad, Inc., such payments are solely recorded on Souper Salad Inc.'s Statement.

Souper Salad, Inc. paid certain of its directors and officers on various dates throughout the year prior to the Petition Date. It would be unduly burdensome to indicate the date of each transfer to each director or officer paid by Souper Salad, Inc. Alternatively, the Debtors' disclosure identifies the total payment to each individual director or office during each calendar year in each specified payment category.

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
### District of Delaware

In re SSI Group Holding Corp. ,  
           Debtor

Case No. 11-12917

Chapter 11

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ | | |
| B - Personal Property | Yes | 3 | $ 0.00 | | |
| C - Property Claimed as Exempt | NA | | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | $ 40,941,513.26 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | $ 0.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | NA | | | | $ |
| J - Current Expenditures of Individual Debtors(s) | NA | | | | $ |
| TOTAL | | 11 | $ 0.00 | $ 40,941,513.26 | |

B6A (Official Form 6A) (12/07)

In re  SSI Group Holding Corp.  ,  Case No. 11-12917
       Debtor                                    (If known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |

Total▶ 
(Report also on Summary of Schedules.)

B 6B (Official Form 6B) (12/07)

In re  SSI Group Holding Corp.                           ,        Case No.  11-12917
　　　　　　　　　Debtor                                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY

　　　　Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

　　　　**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |

B 6B (Official Form 6B) (12/07) -- Cont.

In re  SSI Group Holding Corp.                    ,          Case No.  11-12917
            Debtor                                                          (If known)

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | Souper Salad, Inc (100% Common Stock) | | Unknown |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

B 6B (Official Form 6B) (12/07) -- Cont.

In re **SSI Group Holding Corp.**,                     Case No. **11-12917**
             Debtor                                                  (If known)

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

_____continuation sheets attached    Total▶   $

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

B 6D (Official Form 6D) (12/07)

In re  SSI Group Holding Corp.          ,          Case No. 11-12917
              Debtor                                        (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Sun Capital Partners<br>5200 Town Center Circle<br>Suite 600<br>Boca Raton, FL 33486 | X | | November 14, 2005<br>Term Loan<br>Unknown<br>VALUE $ | | | | 13,666,458.48 | Unknown |
| ACCOUNT NO.<br>Summit Investment Management<br>1700 Lincoln St, Ste 2150<br>Denver, CO 80203 | X | | November 14, 2005<br>Term Loan<br>Unknown<br>VALUE $ | | | | 23,581,509.86 | Unknown |
| ACCOUNT NO.<br>Wells Fargo Capital Finance<br>301 S College St, NC-0820<br>Charlotte, NC 28288-0820 | X | | June 19, 2008<br>Term Loan<br>Unknown<br>VALUE $ | | | | 1,745,200.00 | Unknown |
| _1_ continuation sheets attached | | | Subtotal ▶<br>(Total of this page) | | | | $ 38,993,168.34 | $ Unknown |
| | | | Total ▶<br>(Use only on last page) | | | | $ | $ |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

B 6D (Official Form 6D) (12/07) – Cont.                                                                                                                     2

In re  SSI Group Holding Corp.          ,            Case No.  11-12917
              Debtor                                                                (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  Wells Fargo Capital Finance 301 S College St, NC-0820 | X | | June 19, 2008 Revolver Unknown  VALUE $ | | | | 1,948,344.92 | Unknown |
| ACCOUNT NO. | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | VALUE $ | | | | | |

Sheet no. 1 of 1 continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal (s) ▶
(Total(s) of this page)         $ 1,948,344.92        $ Unknown

Total(s) ▶
(Use only on last page)        $ 40,941,513.26       $ Unknown

(Report also on Summary of Schedules.)   (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B 6E (Official Form 6E) (04/10)

In re  SSI Group Holding Corp.                          ,          Case No. 11-12917
            Debtor                                                               (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 6E (Official Form 6E) (04/10) – Cont.

In re  SSI Group Holding Corp.                              ,    Case No. 11-12917
                  Debtor                                                                                 *(if known)*

☐ **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

   Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

                                         0  continuation sheets attached

B 6F (Official Form 6F) (12/07)

In re **SSI Group Holding Corp.**_____,   Case No. __11-12917__
                **Debtor**                                                         (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

    State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

    If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☑ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| | | | | | | Subtotal➤ | $ |
| __0__ continuation sheets attached | | | | | | Total➤ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B 6G (Official Form 6G) (12/07)

In re  SSI Group Holding Corp.          ,           Case No. 11-12917
         **Debtor**                                                    (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

B 6H (Official Form 6H) (12/07)

In re  SSI Group Holding Corp.       ,         Case No.  11-12917
                Debtor                                                                            (if known)

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Souper Salad, Inc.<br>4004 Beltline Rd, Suite 160<br>Addison, TX 75001 | Sun Capital Partners<br>5200 Town Center Circle<br>Suite 600 |
| SSI-Grandy's LLC<br>4004 Beltline Rd, Suite 160<br>Addison, TX 75001 | Summit Investment Management<br>1700 Lincoln St, Ste 2150<br>Denver, CO 80203 |
| Souper Brands, Inc.<br>4004 Beltline Rd, Suite 160<br>Addison, TX 75001 | Wells Fargo Capital Finance<br>301 S College St, NC-0820<br>Charlotte, NC 28288-0820 |

In Re: SSI Group Holding Corp.                                    Case No. 11-12917

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Vice President of Finance of SSI Group Holding Corp. named as a Debtor in this case, declare under penalty that I have read the foregoing summary and schedules, consisting of 12 sheets, and that they are true and correct to the best of my knowledge, information and belief.

Date: 10/31/2011                    SSI Group Holding Corp.

                                    By: _____
                                    Dan Patel
                                    Vice President of Finance